IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HENRY F. DUNLAP, | ) | No. C 05-0665 JSW (PR) |
| Plaintiff, | ) ) | |
| v. | ) ) | **SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK** |
| C.O. RANDOW, | ) ) | |
| Defendant. | ) ) ) | (Docket No. 8) |

Plaintiff, formerly a prisoner of the State of California incarcerated at Pelican Bay State Prison in Crescent City, California, has filed this civil rights complaint. Plaintiff's original complaint, filed on February 14, 2005, was dismissed with leave to amend within thirty days by this Court on May 10, 2005 (docket no. 6). The Court ordered Plaintiff to assert factual allegations that supported his claim of sexual assault by Defendant Randow. On August 16, 2005, Plaintiff filed a letter with the Court, in which he asserted factual allegations (docket no. 8). However, to comply with this Court's prior order, Plaintiff must file a signed AMENDED COMPLAINT in which he makes factual allegations regarding the conduct of Defendant Randow. As such, Plaintiff's claim is again dismissed with leave to amend.

## DISCUSSION

I  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

1  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the
2  complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or
3  fails to state a claim upon which relief may be granted," or "seeks monetary relief from a
4  defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be
5  liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.
6  1990).

7  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:
8  (1) that a right secured by the Constitution or laws of the United States was violated, and
9  (2) that the alleged violation was committed by a person acting under the color of state
10  law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

11  II    Legal Claims

12  In this case, Plaintiff asserts that Correctional Officer Randow sexually assaulted
13  and humiliated him on May 23, 2004.  However, Plaintiff's complaint fails to allege any
14  facts regarding the assault. Plaintiff must allege facts regarding the assault to state a
15  claim.  While Plaintiff has included details about the assault in a letter to the Court, this
16  letter is not an amended complaint.  Therefore, Plaintiff will be given another
17  opportunity to file an amended complaint, in which he includes factual allegations
18  against Defendant Randow.

19  A prisoner may state an Eighth Amendment claim under § 1983 for sexual
20  harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure
21  from "the evolving standards of decency that mark the progress of a maturing society,"
22  and the defendant acted with intent to harm the prisoner.  *See Thomas v. District of*
23  *Columbia*, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (citing *Hudson v. McMillian*, 503 U.S. 1, 6,
24  8 (1992)) (internal quotations and citation omitted).  Sexual assault, coercion and
25  harassment certainly may violate contemporary standards of decency and cause physical
26  and psychological harm, *see Jordan v. Gardner*, 986 F.2d 1521, 1525-31 (9th Cir. 1993)

1  (en banc); *Women Prisoners of the District of Columbia Dep't of Corrections v. District
2  of Columbia*, 877 F. Supp. 634, 664-67 (D.D.C. 1994); however, not every malevolent
3  touch by a prison guard or official gives rise to an Eighth Amendment violation--the
4  Eighth Amendment's prohibition against cruel and unusual punishment necessarily
5  excludes from constitutional recognition de minimis uses of force. *See Hudson*, 503 U.S.
6  at 9-10; *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (plaintiff must
7  show more than de minimis injury), *cert. denied*, 513 U.S. 1114 (1995); *Berryhill v.
8  Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (no Eighth Amendment violation where
9  employees briefly touched inmate's buttocks with apparent intent to embarrass him, and
10 touching was unaccompanied by any sexual comments or banter). Mere verbal sexual
11 harassment does not necessarily amount to an Eighth Amendment violation. *Austin v.
12 Williams*, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding summary judgment
13 dismissal of Eighth Amendment claim where prison guard exposed himself to prisoner in
14 elevated, glass-enclosed control booth for no more than 30-40 seconds). A prisoner
15 therefore must establish that the alleged sexual harassment was egregious, pervasive
16 and/or widespread in order to state a claim under the Eighth Amendment. *See, e.g.,
17 Jordan*, 986 F.2d at 1525-31 (prison policy requiring male guards to conduct body
18 searches on female prisoners); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992)
19 (correctional officer sexually harassed two inmates on almost daily basis for two months
20 by conducting deliberate examination of genitalia and anus). As such, Plaintiff will be
21 granted leave to amend to allege specifics regarding the assault.
22 general health care requirements).

23     In his amended complaint, Plaintiff should be mindful that to state a claim against
24 Defendant, he must establish legal liability for the claimed violation of his rights.
25 Liability may be imposed on an individual defendant under section 1983 if the plaintiff
26 can show that the defendant proximately caused the deprivation of a federally protected

3

right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability).  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  *Leer*, 844 F.2d at 634.  Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.  Plaintiff shall file an amended complaint as to his claim regarding a sexual assault by Officer Randow within ***thirty days from the date of this order***.  The Clerk is directed to provide Plaintiff with a copy of this Court's civil rights complaint form.  The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure to amend within the designated time will result in the dismissal of the complaint without prejudice.

2. Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*,

506 U.S. 915 (1992).

   3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

   IT IS SO ORDERED.

DATED: April 18, 2006

             *Jeffrey S. White*
             JEFFREY S. WHITE
             United States District Judge